UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| VIKTOR PAVLOVICH MYTYUK<br>    A 88 057 059<br>    FED. REG. NO. 29716-265<br>VS. | CIVIL ACTION NO. 2:09-CV-2239<br>CIVIL ACTION NO.  2:10-CV-0072<br><br>SECTION P |
| WARDEN FEDERAL DETENTION<br>CENTER  OAKDALE | JUDGE MINALDI<br>MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Victor Pavlovich Mytyuk, a native and citizen of the Ukraine, was, when he filed these suits, in post-removal-order detention at the Federal Detention Center (FDC), Oakdale, Louisiana. While thus detained he was indicted and charged with 14 counts of Failure to Depart in violation of Title 8 U.S.C. §1253(a)(1)(B).  He went to trial on those charges on May 24, 2010, and he was found guilty as charged.  He awaits sentencing on these new convictions.  (See *United States vs. Victor Pavlovich Mytyuk*, No. 2:10-cr-00012).  Of course, when these new charges were filed he was transferred from FDC Oakdale, where he was detained awaiting removal, to the Calcasieu Parish Corrections Center where he was detained pending trial. He remains at the Calcasieu Parish Corrections Center pending sentencing.  For the following reasons, it is recommended that these civil actions be **DISMISSED WITH PREJUDICE** and, that the order directing the United States Attorney to file an Answer be **RESCINDED**, and that all pending Motions be **DENIED.**

### *Background*

The relevant history of this case is set forth in the March 30, 2010 Memorandum Order

[Doc. #13] which consolidated the above two civil actions, construed them as raising civil rights claims arising under *Bivens*, and directed service of process on the United States Attorney.[1]

The undersigned has again reviewed the pleadings and has concluded that the order directing service on the United States Attorney and the filing of an Answer was inappropriate. Mytyuk initially sought *habeas corpus* relief and consequently, the only named respondent/defendant was the Warden at FDC Oakdale; however, Mytyuk has not been in the Warden's custody for months, and, he is now in the physical custody of the Sheriff of Calcasieu Parish. It is unclear who retains legal custody at this precise moment, however, at some point in the not too distant future Mytyuk will be sentenced and he will then, no doubt, be placed in the custody of the Federal Bureau of Prisons or removed to his native land.

In other words, while it is unclear who should be named as a defendant in a civil action seeking prospective injunctive relief, it is abundantly clear that the Warden at FDC Oakdale is not the appropriate party.

Therefore, to the extent that Mytyuk seeks prospective injunctive relief he should file the appropriate pleading in a new suit, naming an appropriate defendant or defendants. He is again cautioned, however, that he is **NOT** entitled to *habeas corpus* relief based on the allegations raised thus far and he should therefore refrain from filing any duplicative or malicious

---

[1] As noted in the order, Mytyuk sought habeas corpus relief. Among other things, the undersigned concluded that Mytyuk was **NOT** entitled to *habeas corpus* relief since he could not establish that his continued custody was in violation of the Constitution or laws of the United States. (By his own admission, Mytyuk refused to complete the passport application process and therefore his continued post-removal-order detention remained lawful for the same reasons cited by the District Court in *Mytyuk v. Warden Young*, No. 2:08-cv-1338 at Docs. #14 and #21 and the Court of Appeals in *Mytyuk v. Young*, No. 09-30008 (5th Cir. 2010). ) Further, and additionally, Mytyuk was legally detained awaiting trial and he remains legally detained as he awaits sentencing following his recent convictions. See *United States vs. Victor Pavlovich Mytyuk*, No. 2:10-cr-00012.

The undersigned also concluded that Mytyuk's alleged medical problems did not provide the grounds to support *habeas corpus* relief pursuant to 28 U.S.C. §2241.

complaints or petitions.

Finally, on July 21, 2010, Mytyuk filed another *pro se* pleading seeking a medical examination. [Doc. #23]  Therein he acknowledged that he was afforded a medical examination on September 16, 2009, and again on April 6, 2010.  It thus appears that Mytyuk merely disagrees with the diagnosis and treatment of his condition and such disagreement is insufficient to establish that he is entitled to the relief he now seeks. *See  Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995);  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).

*Conclusion and Recommendation*

Therefore, for the foregoing reasons

That portion of the order directing Service of Process on, and an Answer by,  the United States Attorney [Doc. # 13] is hereby **RESCINDED**; and,

All pending Motions are **DENIED,** and,

**IT IS RECOMMENDED** that these civil actions be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)  days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

3

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lake Charles, Louisiana this 3rd day of August, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE